UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES DELONJAN JENKINS,

    Plaintiff,

v.                                                Case No.  4:21-cv-308-MW-MJF

FLORIDA STATE HOSPITAL, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff James Delonian Jenkins, Marion County Jail Inmate #A0073929, has filed a 94-page civil rights complaint under 42 U.S.C. § 1983. (Doc. 1), a motion to proceed *in forma pauperis* (Doc. 2), and a motion to expedite service of his complaint (Doc. 3). The undersigned recommends that Jenkins's motion to proceed *in forma pauperis* be denied and that this case be dismissed without prejudice under 28 U.S.C. § 1915(g), because Jenkins is barred under § 1915(g) from proceeding *in forma pauperis* and he failed to pay the filing fee upon initiating this lawsuit.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. BACKGROUND

Jenkins is a pretrial detainee currently confined at the Marion County Jail. (Doc. 1 at 1 in ECF). Jenkins initiated this action on July 22, 2021, by filing a complaint under 42 U.S.C. § 1983. Jenkins is suing the Florida State Hospital ("FSH"), five employees of the FSH, and three employees of the Marion County Jail. (*Id*. at 1-4 in ECF). Jenkins claims that: (1) the Marion County Jail Defendants caused him to be involuntarily committed unlawfully on November 15, 2018; (2) the FSH Defendants failed to protect him from inmate assaults on December 28, 2018, and January 6, 2019; and (3) the FSH Defendants were deliberately indifferent to his serious medical needs after the two inmate assaults. (*Id*. at 6, 7-11, 29-91 in ECF).

## II. DISCUSSION

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The statute provides a narrow exception for instances in which the prisoner-litigant is in imminent danger of serious physical injury. *Id.* The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)," because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Jenkins's complaint discloses the following three cases that qualify as strikes under § 1915(g):

- *Jenkins v. Marion Cnty. Jail*, No. 5:18-cv-525-Oc-TJC-JBT (M.D. Fla. June 15, 2020) (prisoner civil rights action dismissed for failure to state a claim), *appeal dismissed*, No. 20-12616-E (11th Cir. Jan. 21, 2021) (appeal dismissed as frivolous); and

- *Jenkins v. Fla. State Hosp.*, No. 5:20-cv-495-TPB-PRL (M.D. Fla. May 26, 2021) (prisoner civil rights action dismissed for failure to state a claim).

(Doc. 1 at 2 in ECF).

Jenkins, therefore, may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this exception, Jenkins's complaint must include "specific, credible allegations of imminent-danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011); *see also Brown*, 387 F.3d at 1350 (holding that general assertions are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury" (quotation marks omitted)). An allegation of *past* imminent danger will not invoke the exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to [§ 1915(g)].")

Jenkins's allegations concerning his past involuntary civil commitment fail to make a colorable showing that he is under imminent danger of serious physical injury. Because Jenkins is barred from proceeding *in forma pauperis* and failed to

pay the filing fee at the time he initiated this lawsuit, this case should be dismissed without prejudice under § 1915(g). *See Dupree, supra.*[2]

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**, and that this action be **DISMISSED**, pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $402.00 filing and administrative fee in its entirety.

2. The clerk of court close this case file.

At Pensacola, Florida, this <u>2nd</u> day of August, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the</u>**

---

[2] On July 19, 2021, Jenkins filed an almost identical complaint in the United States District Court for the Middle District of Florida. The Middle District dismissed the complaint on July 21, 2021, pursuant to § 1915(g)'s three-strikes bar. *See Jenkins v. Fla. State Hosp.*, No. 5:21-cv-374-KKM-PRL (M.D. Fla. July 21, 2021).

**electronic docket is for the court's internal use only and does not control.** An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**